UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>CARLOS EUGENE SHELMON & SHIMIKA RHODES,<br><br>Debtors. | Case No. 20-67902-SMS<br><br>Chapter 7<br><br>Judge Sigler |
| SHIMIKA RHODES,<br><br>Plaintiff,<br><br>*v.*<br><br>U.S. DEPARTMENT OF EDUCATION, *et al.*<br><br>Defendants. | Adv. No. 21-05083-SMS |

**RESPONSE TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

Defendant United States Department of Education by and through the United States Attorney for the Northern District of Georgia and the undersigned Assistant United States Attorney (the "Department of Education"), provides the following response in opposition to the Motion for Protective Order filed by Plaintiff, Shimika Rhodes.

On January 24, 2022, Plaintiff filed a motion for protective order seeking to prevent her deposition at all, or in the alternative, by written questions only. Plaintiff's motion also includes a request that the Court deny the discovery requested in Interrogatories Nos. 9, 13, 14, 19, and 20. Finally, Plaintiff's motion appears to request that the Court circumscribe any further requests to produce documents.

On February 2, 2022, the Department of Education noticed Plaintiff's deposition by oral examination for March 11, 2022, at 10:00 a.m. Eastern Time

The Department of Education opposes Plaintiff's Motion for a Protective Order because she has failed to show good cause to avoid having her deposition by oral examination taken in person in the forum she chose for this litigation.

Moreover, contrary to Plaintiff's claims in her motion, the Department of Education is not seeking to harass Plaintiff or obtain privileged information, but instead desires to serve its legitimate interests in being able to depose Plaintiff in person in order to assess the allegations in her complaint, ask questions about the interrogatory responses submitted and documentation Plaintiff has produced to date in this case, gauge her demeanor and veracity, and otherwise efficiently obtain the information necessary to conclude the discovery phase of this case.

## LAW AND ARGUMENT

Federal Rule of Civil Procedure 26(b)(1), made applicable herein by Federal Rule of Bankruptcy Procedure 7026, provides that the parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter of the pending claim. The information sought need not be admissible at trial if it appears reasonably calculated to lead to the discovery of admissible evidence. The rules recognize that there are circumstances in which otherwise relevant evidence is protected from production by a privilege and provide a means by which a party may preserve that privilege:

> (5) Claims of Privilege … When a party withholds information otherwise discoverable under these rules by claiming that it is privileged … the party shall make the claim expressly and shall describe the nature of the

>   documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Fed. R. Civ. P. 26(b)(5). In addition to asserting privilege, a party may also move for a protective order to guard against "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Such a motion may only be filed after making a good faith attempt to resolve the issue without court intervention.

Plaintiff appears to believe that a witness may elect to prepare and submit written responses to deposition questions, which is not contemplated by Rules 30 and 31 of the Federal Rules of Civil Procedure, made applicable herein by Rules 7030 and 7031 of the Federal Rules of Bankruptcy Procedure. Fed. R. Civ. P. 30, made applicable by Fed. R. Bankr. P. 7030, governs oral depositions. Fed. R. Civ. P. 31, made applicable by Fed. R. Bankr. P. 7031, in turn governs depositions by written questions. Both provisions provide that a party may elect to employ either, "without leave" of the Court, in the discovery process. Fed. R. Civ. P. 30(a)(1); Fed. R. Civ. P. 31(a)(1). In other words, the choice here is the Department of Education's—and it chooses to pursue Plaintiff's oral deposition, rather than by written questions. However, Plaintiff appears to argue that it may block the Department of Education's choice and instead require it to proceed by written questions. Plaintiff cites no support for this proposition. Indeed, given that this is Plaintiff's first deposition (and the only one the Department of Education has noticed to date of any witness), it would be rare to deprive a defendant of any ability to depose a plaintiff. Depositions by written questions "entail more than mailing questions to the

[witness] and awaiting their written response." *Dasenbrook v. Enenmoh*, 2015 WL 1889069, *2 (E.D. Cal. April 24, 2015). Rule 31 requires the party taking the deposition to deliver the written questions to a court reporter or other deposition officer. Fed. R. Civ. P. 31(b). The deposition then proceeds in a manner similar to oral depositions. *Id*. (incorporating Rule 30(c), (e), and (f)). The witness is put under oath, and then the deposition officer "must ask the [witness the written] questions and record the answers verbatim." Fed. R. Civ. P. 30(c)(3). Thus, a deposition by written question will still require spontaneous narrative answers from Plaintiff. Following the deposition, a transcript is prepared in the same manner as an oral deposition. Fed. R. Civ. P. 31(b)(2)-(3).

Although a deposition by written questions may be appropriate under "limited circumstances," such depositions "are rarely, if ever, used in modern litigation." *Fid. Int'l Currency Advisor a Fund, LLC v. United States*, 2007 WL 9412764, at *3 (D. Mass. May 23, 2007). The "limited circumstances" under which depositions by written questions have been considered appropriate include "where the issues to be addressed by the witness are narrow and straightforward and the hardships of taking an oral deposition would be substantial," *Mill-Run Tours, Inc. v. Khashoggi*, 124 F.R.D. 547, 549 (S.D.N.Y. 1989) or "when dealing with neutral or 'friendly' witnesses." *Jones v. Hollenback,* 2006 WL 8458647, at *4 (E.D. Ca. Feb. 8, 2006). On the other hand, such a deposition is "not suitable for a situation" where "the witness is hostile and the testimony is likely to be controversial." *Jones*, 2006 WL 8458647, at *4; *United States v. Real Property Located at 700 N. 14th St., Springfield, Il.*, 2013 WL 5595952, at *2 (C.D. Ill. Oct. 11, 2013).

Plaintiff's Motion for Protective Order should be denied because (1) Plaintiff has not met her burden of showing good cause for a protective order; (2) there is no other practical means to obtain the information; (3) the information is crucial to the preparation of the case; and (4) the needs of the Defendant outweigh the dangers of deposing Plaintiff. *See Title Co. v. Palm Beach Cty.*, 132 F.R.D. 301, 302 (S.D. Fla. 1990).  Furthermore, Plaintiff cannot show good cause in avoiding her oral deposition and instead requiring deposition by written questions.

**1. Plaintiff has not met her burden of showing good cause for a protective order.**

Plaintiff asserts, without explanation, that an oral deposition will risk inadvertent disclosure of confidential or highly confidential information.  Plaintiff's motion invokes Federal Rule of Civil Procedure 26(c)(1)(G) but fails to make any showing that the general subject matter of her deposition in this student loan dischargeability action involves any "trade secret or other confidential research, development, or commercial information" as those terms are used in the rule.   Plaintiff has failed to meet her burden of demonstrating with specificity the requisite good cause necessary to deviate from the standard practice of examining a plaintiff in person by oral examination in the forum in which she brought her lawsuit.

Plaintiff's objections and responses to Request for Production No. 4 and Interrogatory No. 14 are before this Court for resolution.  As to Plaintiff's protective order requests regarding Interrogatories 9, 13, 19, and 20 and future requests concerning the production of documents, the basis for her requests is unclear and the nature of any remaining discovery dispute is unknown to the Department of Education.

Accordingly, her motion should be denied, and Plaintiff directed to appear in person in for her deposition, as noticed.

Bankruptcy Local Rule 7037-1 requires a verbatim recitation of each interrogatory, request for admission, or request for production to which objection is taken. For purposes of the Court's consideration of Plaintiff's motion for protective order, Request for Production No. 1, Interrogatory Nos. 9, 13, 19, and 20 and the Plaintiff's objections and responses thereto are listed below:

> **Request for Production No. 1:** For the period from January 1, 2019 to the present, all Federal and State income tax returns, with all attachments, filed by you or on your behalf.
>
> **RESPONSE:** Plaintiff will produce some, but not all, of the requested items applies to Letter M listed above. Thus, please see attached copy at Exhibit A.
>
> **SUPPLEMENTAL RESPONSE:** Objection. Plaintiff objects request seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request for Production in as much as it seeks information cloaked with certain privacy rights as recognized by Georgia Courts under Civil Rule O.C.G.A. §9-11-26(b)(1) privileged material.
>
> Furthermore, Plaintiff object on grounds that it's an invasion of privacy of third-party nonlitigant. Documents already produced will not be produced again. Subject to and without waving those objections see attached copy of document requested at **Exhibit A.**
>
> **Interrogatory No. 9:** For the period beginning with January 1, 2019 to the present, identify the amount, frequency, and source of your household income (including any income for your spouse), including any salary, wages, pension, retirement, disability, domestic or child support, public assistance, rent, interest, dividends, etc. If any income is recurring, you may identify the amount of such income, how often you or your spouse receive such income, the period in which your household received such income, and the source(s) of such income (for example: Salary in the amount of $300.00 from [EMPLOYER], every two weeks, from January 1, 2019 to January 1, 2020). To the extent you wish to attach or refer to your bankruptcy schedules, please add to or edit those schedules so that they are current and respond to the information requested in this Interrogatory.

> 9. Refer to attached Bankruptcy **Schedules I**. Refer to document provide in response to Defendant's First Set of Request to Produce referred to as **Exhibit A**. "Spouse" Salary in the amount of $1100.00 from TCW, every week, from period of January 1, 2019, through April 2020. "Spouse" salary $800.00 from Prodriver, every week, from period of August 2020, through June 2021. "Spouse" salary $1000.00 from Self Employment, every week, from period July 2020- current.

**Interrogatory No. 13:** Identify all of your dependents, including name, age, date of birth, relationship to you, the amount of monthly expenses attributable to such dependent, and whether such dependent was claimed on your most recent tax return.

> **INTERROGATORY NO. 13.:** Identify all of your dependents, including name, age, date of birth, relationship to you, the amount of monthly expenses attributable to such dependent, and whether such dependent was claimed on your most recent tax return.
>
> **RESPONSE:** Objection. This interrogatory seeks information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Further, objection is mad on he grounds that this interrogatory invades any person's right of privacy under any applicable State or Federal law.
>
> **SUPPLEMENTAL RESPONSE:** Plaintiff restates its objection. The information sought violates the responding party's Constitutional Right to Privacy. It seeks information protected from disclosure by a right of privacy. It invades the privacy rights of third parties. and no further information will be provided on that basis. However, without waving those right Plaintiff responds as follow: yes, two of my child are claimed on recent tax returns.

**Interrogatory No. 19:** Identify all documents you intend to introduce into evidence at trial or in support of a motion or argument at a hearing, excepting any document to the extent it is introduced solely for impeachment.

> 19. Refer to document provide in response to Defendant's First Set of Request to Produce Documents, Information, or Things Directed to Plaintiff referred here into as **Exhibits A-E**. Plaintiff reserves the right to supplement and/or amend these responses if further information becomes available in the course of its diligent inquiry, thorough discovery, or otherwise.

**Interrogatory No. 20:** To the extent you withhold any documents responsive to these Interrogatories or Education's request for production of documents, served contemporaneously herewith, because you assert an applicable privilege or protection, identify the applicable privilege, protection, or other basis for withholding such documents and a description of the documents being withheld sufficient to identify the date such document was created, its author, whether it is a hard copy of electronic file (and, if electronic, its file type), and a general non-privileged description of the document.

> **INTERROGATORY NO. 20.:** To the extent you withhold any documents responsive to these Interrogatories or Education's request for production of documents, served contemporaneously herewith, because you assert an applicable privilege or protection, identify the applicable privilege, protection, or other basis for withholding such documents and a description of the documents being withheld sufficient to identify the date such document was created, its author, whether it is a hard coup of electronic file (and, if electronic, its file type), and a general non-privileged description of the document.
>
> **RESPONSE:** Plaintiff objects to interrogatory on the ground that Relevant, Confidential, Overbreadth, Vagueness, Ambiguity, and Privilege. Description: Bank statements (hard copy) that Plaintiff has conducted a diligent search and made a reasonable inquiry and has determined that there are no responsive documents in Plaintiffs' possession, custody, or control. Third party Educational Tax Credit Form 8863 for 2019 and 2020.
>
> **SUPPLEMENTAL RESPONSE:** Plaintiff objects to interrogatory on the grounds that request is overbreadth and privilege. Plaintiff further objects to this request as duplicative and burdensome to the extent that it calls for documents already produced to Defendant in response to Defendant's Request for Documents, including but not limited to tax returns, bank statements, medical records, resume, employment application. Documents already produced will not be produced again. Subject to the above objections, Plaintiff has no responsive documents in its possession, custody, or control, other than those that have already been produced to Defendant.

**2. There is no other practical means to obtain the information**.

The main goal of Plaintiff's deposition is to discover information relating to her household income and expenses and her undue hardship claim. Written depositions—which Plaintiff is seeking—would be wholly insufficient given the fact pattern, Plaintiff's approach to the discovery process, and the inevitable need for follow-up questions to fully explore material issues (i.e., details of Plaintiff's undue hardship claim).

Furthermore, Plaintiff has made no showing that the information she is concerned about revealing is not protected, and there is therefore no reasonable ground to compel written depositions.

**3. The information is crucial to the preparation of the case.**

Not only is the information sought in Plaintiff's deposition relevant, but the information is also crucial to the Department of Education's preparation of the case and pertinent to any fruitful settlement discussions. Further, the Department of Education seeks information related to Plaintiff's current household income and expenses, including specifically, expenses for shelter, basic utilities, food and personal hygiene products, vehicles and the costs associated with a vehicle, health insurance, medical expenses, and some source of recreation. Although Plaintiff has provided certain general information in response to Interrogatory No. 10, additional specific information remains necessary to determine Plaintiff's actual monthly expenses. For example, as set forth below, Plaintiff's supplemental response to Interrogatory No. 10 reflects monthly student loan payments:

> **Interrogatory No. 10.** For the period beginning with January 1, 2019 to the present, identify the amount and source of all your monthly expenses, including expenses paid by you for your dependents or spouse. If any expense is recurring, you may identify the amount of such expense, how often your household must pay such expense, the period in which your household has had that expense, and the source(s) of such expense (for example: Utility bill in the amount of $100.00 from [SOURCE], due every month, from January 1, 2019 to present). To the extent you wish to attach or refer to your bankruptcy schedules, please add to or edit those schedules so that they are current and respond to the information requested in this Interrogatory.

**RESPONSE:** Plaintiff objects to this interrogatory on the ground that it is not relevant to tis litigation nor is it proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit, it is overbroad, burdensome, and oppressive because it requires defendant to prepare a compilation of data. Therefore, the plaintiff cannot provide an answer.

**SUPPLEMENTAL RESPONSE:** Plaintiff objects because the identification, photocopying, and production of the requested documents would be oppressively burdensome and costly. Plaintiff restates general objection #3 but, without waiving those objections, Plaintiff responds as follow: Plaintiff will provide such documents that cover a time span of 11/2021to current. **Exhibit E** attached and herein reference are bills for utilities, car insurance, car payment, credit cards statement, life insurance bill, health insurance statement which are all due monthly. Some expenses are listed below. Also included in **Exhibit E** are weekly food bill receipts, receipts for prescription eyewear, co-pay receipt for doctor office visits.

| | |
|---|---|
| Mortgage | $1300.59 Monthly |
| Electricity | Varies Monthly |
| Gas | Varies Monthly |
| Water and sewer | Varies Monthly |
| Cell Phone | $183.00 Monthly |
| Cable and Internet | $136.00 Monthly |
| Food | $250.00+ Weekly |
| Recreation, entertainment | $120.00 Bi-weekly |
| Automobile Insurance | $268.00 Monthly |
| Student loan payment | $2,103.83 Monthly |
| Other Student loan payment | $300.00 Monthly |
| Church offerings | $60.00 Weekly |

**4. The needs of the Department of Education outweigh the dangers of deposing Plaintiff.**

In contrast to Plaintiff's lack of any specific identified harm justifying her being excused from appearing for her deposition by oral examination, ordering Plaintiff's deposition by written questions would substantially and unfairly prejudice the Department of Education. For example, the deposition form demanded by Plaintiff would deny the Department of Education the ability to gauge Plaintiff's demeanor or judge her reactions to certain questions and documents. *See Dude v. Cong. Plaza, LLC*, 17-80522-CIV, 2018 WL 2291308, at *2 (S.D. Fla. May 18, 2018) (finding the defendants would be unfairly prejudiced "if they were unable to test the credibility and substantive responses of Plaintiff at his deposition"); *see also Anderson v. Dawson*, 2011 U.S. Dist. LEXIS 42583, *16 (N.D. Fla. Mar. 9, 2011) ("A deposition in person allows counsel for Defendants and Defendants themselves to assess the demeanor of Plaintiff and weigh their chances of success at trial. . . . Further, a deposition in person gives counsel for Defendants a better chance to see the Plaintiff as he testifies and to evaluate his body language."). Further, deposition by written questions would hinder the Department of Education's efforts to elicit honest admissions from Plaintiff and make it difficult if not impossible for the Department of Education's counsel to organize the dozens of documents in such a way that provides the flexibility necessary to effectively question Plaintiff while ensuring that Plaintiff is in fact examining the correct document. *See Kean v. Bd. of Trs. of the Three Rivers Reg'l Library Sys.*, 321 F.R.D. 448, 452–53 (S.D. Ga. 2017) (detailing the myriad prejudices to the defendant from a remote deposition of the plaintiff in a case involving the review

of documents, including obtaining admissions from the plaintiff and being able to effectively examine the plaintiff on documents) (citing 3 BUS. & COM. LITIG. FED. CTS. § 24:13 (4th ed. 2016)). It would likewise remove all safeguards that Plaintiff is not improperly viewing notes or receiving signaled answers and substantially constrict the Department of Education's ability to present a cogent defense in this case. It is all these prejudices to the Department of Education's defense, not any desire to harass or burden Plaintiff, that motivates the Department of Education to request an in-person deposition in Plaintiff's chosen forum.

Further, if the pro se Plaintiff asserts the attorney-client privilege or governmental deliberative process privilege in response to a written deposition question, and the Department of Education contests that objection, the privilege assertion and objection will still need to be resolved by this Court. Such a resolution will require a filing of a motion to compel by the Department of Education, a response by Plaintiff, and ultimately a written order by this Court resolving each objection. This process could take weeks, if not months, to resolve. Given that this litigation is already at the end of the discovery phase, the issues Plaintiff's requested written procedure may pose to the timely resolution of the case are substantial—namely, further and significant delays.

## CONCLUSION

For the forgoing reasons, the Department of Education requests the Court deny Plaintiff's motion for a protective order and grant such other and further relief as may be appropriate.

KURT R. ERSKINE
UNITED STATES ATTORNEY


*/s/ Vivieon Kelly Jones*
VIVIEON K. JONES
ASSISTANT U.S. ATTORNEY
Georgia Bar No. 143033
United States Attorney's Office
75 Ted Turner Drive SW, Suite 600
Atlanta, Georgia 30303
Telephone: (404) 581-6312
Facsimile: (404) 581-6151
E-mail: vivieon.jones@usdoj.gov
*Counsel for the United States of America*

## CERTIFICATE OF SERVICE

This is to certify that I have on February 4, 2022 electronically filed the foregoing document using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to all parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program.

I further certify I have, on February 4, 2022, caused the foregoing document to be sent by First Class U.S. Mail, postage prepaid, to:

> Shimika Rhodes
> 230 Creekview Blvd
> Covington, GA 30016

**I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Dated: February 4, 2022.                KURT R. ERSKINE
                                        UNITED STATES ATTORNEY

                                        *s/ Vivieon Kelly Jones*
                                        VIVIEON K. JONES
                                        Assistant U.S. Attorney